·(7 Misc. Rep. 422.)

### HOMESTEAD BANK v. HOLLISTER.

(City Court of New York, General Term.   March 9. 1894.)

ACTION ON NOTE—EVIDENCE.
   In an action on a note, where there is evidence that defendant in-
   dorsed the note sued on as collateral security for a note given by one
   M., and that plaintiff had discharged M. from liability, it is error to di-
   rect a verdict in favor of plaintiff.

Appeal from trial term.

Action by the Homestead Bank against Robert A. Hollister on a
promissory note.   From a judgment in favor of plaintiff, defend-
ant appeals.   Reversed.

Argued before VAN WYCK and McCARTHY, JJ.

John H. V. Arnold, for appellant.

Charles F. Maclean, for respondent.

McCARTHY, J.   This is an appeal by the defendant from a judg-
ment entered against him in favor of the plaintiff for $1,437.76.
This action was brought to recover upon a promissory note made
by defendant for $1,000 dated October 24, 1888, payable to his own
order two months after date, at the Ninth Avenue Bank, and in-
dorsed and delivered by defendant to said bank.   The plaintiff is
the same bank, its name only having been changed.   The answer
admitted the making, indorsing, and delivery of the note, but al-
leged, as an affirmative defense, that it was so made, indorsed, and
delivered at the request of plaintiff, and without consideration,
simply for the accommodation of one William J. Merritt, and as
collateral security for the payment of a note of said Merritt for
the same amount, payable at the same time, then held by plain-
tiff, and that all these facts were well known to the plaintiff and
its officers.   That, subsequent to the maturity of said Merritt's
note and of the note sued upon, said Merritt satisfied and dis-
charged his said note to the plaintiff, and thereby discharged the
note sued upon.   That the plaintiff, upon such payment by Mer-
ritt, forever released and discharged said Merritt from. any and
all further liability upon his said note of $1,000, as well as all
other debts or causes of action, by a general release under its cor-
porate hand and seal; thereby releasing and discharging this de-
fendant from all liability on the note sued upon.   At the trial, the
court ruled that the defendant held the affirmative of the case.
The defendant substantially proved, by himself and said Merritt,
the allegations of his answer, and the plaintiff offered no proof
in answer thereto.   At the close of the defendant's case, the plain-
tiff's attorney moved that the court direct the jury to render a
verdict in favor of the plaintiff for the full amount of the note
sued upon with interest, upon the ground that, assuming that all
the defendant's testimony was true, and that it was Merritt's note,
instead of the defendant's, which was discounted by the bank, still,
as the proceeds of the original discount were placed to the credit
of the defendant and used by him, the defendant was primarily

liable to the plaintiff for its repayment, and the court so ruled. The defendant's counsel asked to go to the jury upon the question as to whether the true construction of the transaction between the parties was not that the defendant stood in the relation of surety to Merritt, and that Merritt was the principal debtor to the plaintiff. This request of the defendant was denied, and duly excepted to, and a verdict directed in favor of the plaintiff against the defendant, which direction of the court was also duly objected to; and these objections raise all the questions to be argued on this appeal.

This action must stand or fall on the note in suit, (and no other,) and the defenses that may be proven against it. The defenses set forth were good, and, if proven, the plaintiff cannot recover. Where evidence is presented by defendant tending to prove his defense, and no evidence is offered to contradict or disprove it, and a motion is thereupon made for a direction of a verdict for the plaintiff, and granted, the court, on appeal, will always allow, in favor of appellant, a liberal construction of the facts proven. The evidence in this case, then, showed that, on the original note for $1,500, and the renewals thereof for $1,000, Merritt was the maker and principal, and this defendant the indorser, and that the note in question was given to the plaintiff as an accommodation, and as collateral security for the payment of a note made by Merritt and indorsed by defendant of even date. This last note of Merritt's, as well as the collateral, came due and was not paid. It also appears, thereafter, the plaintiff, in writing, released and discharged Merritt from any and all obligations. This release is final and complete, and released and discharged Merritt, the maker, from the payment of the note for which this note in suit was given as collateral, and, if we are correct that Merritt was the principal and this defendant the surety, such release and discharge would fully and completely absolve this defendant from any liability, and this judgment must be reversed. We think the evidence supports this conclusion.

It is a very familiar rule that a surety is relieved from liability in case of the discharge of the principal by the act or with the consent of the creditor. As between the maker and indorser of a note, their relation, for most purposes, is that of principal and surety. The contract of the indorser is distinct from that of the maker, and the former cannot require the holder to prosecute the maker as principal debtor; but the relation of maker and indorser is that of principal and surety, as regards the familiar rule that, if a creditor, by agreement with the principal debtor, without the concurrence of the surety, vary the terms of the contract, the surety is discharged. If the holder, without the privity or consent of the indorser, by valid contract with the maker, extend the time of payment, the indorser is thereby discharged. So, in case the holder discharges the maker, the indorser is also discharged. If the maker of a note pays, the indorser is discharged from his contract, in the same manner as is a surety by the principal's paying. Indeed, nothing is better settled than this: that payment of a

note by the maker, or by either of the prior parties liable thereon, discharges the obligation of a subsequent indorser, and the release or discharge of the maker by the holder effects the same result. Bank v. Blair, 44 Barb. 641. See, also, Brown v. Williams, 4 Wend. 367, 368; Newcomb v. Rayner, 21 Wend. 108. Merritt remained the ultimate debtor,—the person who ought to pay the debt or note, in preference to, and in exoneration of, all the other parties to the paper,—both in discharge of the obligation to the holder, and in exoneration of the indorser. See Bank v. Pierce, (N. Y. App.) 33 N. E. 557. To the rights of the plaintiff, which were valuable and material, it was the privilege of the surety to succeed, by way of subrogation, whenever he, the surety, should pay the debt; and the plaintiff could not deprive him of it, or impair and destroy it, except at the peril of releasing him from his liability. The condition of the compromise was the release of the debtor, and the plaintiff cannot take the compromise and avoid the condition. It has, by its acts, discharged the defendant entirely. If there was any disputed question of fact, that ought to have been submitted to the jury. From a careful examination, we think the justice erred in directing a verdict, and for these reasons the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.